# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| JERMAINE NORRIS MYLES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 1:07-CV-149 (WLS) |
| | * | 42 U.S.C. § 1983 |
| JIMMY MILLER, Warden, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT & RECOMMENDATION

Before the court is Defendants Miller, McCoy, Screen and Williams' Motion for Summary Judgment, filed on September 24, 2007. (R-41). Plaintiff was given an opportunity to file a response (R-50), but failed to do so. Defendants' Motion for Summary Judgment is now ripe for review.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.

1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-

movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.**

> **If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**.
> (emphasis added).

## DISCUSSION

In his complaint, the Plaintiff makes several claims involving medical treatment he received for a cut on his hand. (R-2). Plaintiff alleges that: 1) Defendant Williams "violated [his] Constitutional Right by acting as a licensed physician by saying the cut [was] not deep enough for stitches and by not contacting the camp as soon as he [became] aware of the injury"; 2) Defendant Williams denied Plaintiff the correct medical treatment for one and a half to two and a half hours; 3) Defendant Screen prevented Plaintiff from receiving timely treatment for his finger by denying him access to the doctor; 4) Defendants Reynolds and Hughes were deliberately indifferent to Plaintiff's serious medical need when they left the sutures in Plaintiff's finger for 50 days; and 5) that Defendants Miller, McCoy, Williams, Screen and Hughes were deliberately indifferent to Plaintiff's need for orthopedic treatment and therapy after the stitches were removed, as evidence by a delay in treatment. *Id*. Plaintiff seeks an investigation into the administration and medical staff of the Decatur County Correctional Institution. *Id*. Plaintiff also seeks the enforcement of all of his scheduled appointments with no cancellations until he is discharged from therapy and the orthopedic. Although not specifically stated in his statement of relief, it appears from the statement of claim that Plaintiff also seeks monetary damages due to his pain and suffering. *Id*. at p.4.

**Deliberate Indifference**

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 104-105, 97 S.Ct. 285, 291, 50 L. Ed. 2d 251, (1976) rehearing denied 429 U.S. 1066, 97 S. Ct. 798, 50 L. Ed. 2d 785 (1977). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106. To establish that the Defendants were deliberately indifferent to his serious medical needs Plaintiff would be required to show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

In their Motion for Summary Judgment, Defendants argue that there is no genuine issue as to any material fact such that Defendants are entitled to judgment in their favor as a matter of law. Specifically, Defendants' argue: 1) that Defendants Screen and Williams are entitled to summary judgment because Plaintiff has failed to satisfy the test for deliberate indifference based upon a delay in medical care and 2) that Defendants Miller and McCoy are entitled to summary judgment they cannot be held liable on a theory of *respondeat superior* for § 1983 claims. In addition to their Motion and Brief, Defendants submitted a Statement of Undisputed Material Facts (R-47) and Affidavits (R-43, 44, 45, 46, 48, and 49).

As was stated, *supra*, to establish deliberate indifference, Plaintiff must present

evidence that he possessed a serious medical need. If a serious need is demonstrated, Plaintiff must then establish that a prison official acted with deliberate indifference to a serious medical need by showing that the defendant had subjective knowledge of a risk of serious harm; that the defendant disregarded the risk; and that his conduct was more than mere negligence. *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir.2004).

The United States Court of Appeals for the Eleventh Circuit has also held that the seriousness of a prisoner's medical needs could be evaluated by reference to the effect of delay in treatment.

> Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation **must place verifying medical evidence in the record** to establish the detrimental effect of delay in medical treatment to succeed."

*Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994) (emphasis added).

In this case, Plaintiff has argued delay in medical care. Plaintiff states in his complaint that on May 31, 2006, he cut his right hand middle finger while sharpening a bush axe on a work detail. (R-2). Plaintiff reported the cut to Defendant Williams, whom determined that the cut was not deep enough to require stitches. (R-2, p.4). Plaintiff stated that Defendant Williams applied antiseptic spray to the wound and then wrapped the cut. *Id*. In his Affidavit, Defendant Williams stated that the cut did not appear to be very deep and that the application of the antiseptic spray and gauze stopped the cut from bleeding. (R-

6

48, Affidavit of Earl Williams). It is undisputed that the bleeding stopped and did not begin again for at least an hour and a half while Plaintiff continued to work. (R-2 and R-48). It is further undisputed that when Plaintiff approached Defendant Williams the second time to inform him that his finger was bleeding, Defendant Williams contacted the correctional facility to have Plaintiff transported for medical treatment. *Id*. Defendant Williams states in his affidavit that the transport arrived at the job site within a short time after being contacted and Plaintiff was taken to the correctional facility for medical treatment. (R-48). Defendant Williams states that he has had no further involvement with Plaintiff or his medical treatment since May 31, 2006. *Id*. Plaintiff makes bare assertions in his complaint that Defendant Screen delayed his follow-up treatment with Dr. Reynolds and delayed his orthopedic care. (R-2). In his affidavit Defendant Screen, the medical officer at DCCI, stated that at no time did he "prevent or prohibit Plaintiff from consulting with DCCI Medical Personnel about problems that Plaintiff was having with his hand or one of his fingers" and that he "certainly did not prevent or prohibit Plaintiff from consulting with DCCI Medical Personnel about sutures in his finger. (R-49). Defendant Screen also stated that DCCI Medical Personnel schedule appointments for DCCI inmates to be seen by outside Medical Providers, not him. *Id*. Defendant Screen further stated that he did not "cancel an appointment for Plaintiff to be examined or treated by an Outside Medical Provider," nor did he "fail to deliver Plaintiff to a scheduled appointment with an Outside Medical Provider." *Id*. As shown in the undisputed facts above, Plaintiff received treatment immediately upon notifying Defendant Williams of the cut on his middle finger. Additionally, Plaintiff was

7

transported immediately when he notified Defendant Williams that he had begun to bleed again. After examination by Defendant Nurse Hughes at DCCI, Plaintiff was transported to Defendant Reynold's office for treatment. (R-43). Defendant Reynolds took x-rays of Plaintiff's finger and determined that there was no fracture. *Id*. Defendant Reynolds then "placed three sutures into [Plaintiff's] right third finger to assist in closing and healing the wound on that finger." *Id*. Defendant Reynolds stated that the records he reviewed reflected that Plaintiff did not request medical treatment again until July 20, 2006. *Id*.

Plaintiff has completely failed to place verifying medical evidence in the record to establish **any** delay in medical treatment. Furthermore, Plaintiff has failed to place any evidence into the record regarding any detrimental effect of the alleged delay in medical treatment. Defendants, however, have submitted the sworn affidavits of Defendant Wilton B. Reynolds, Jr., M.D., and Mr. Lynn Davis, the occupational therapist, which state that Plaintiff had no detrimental effects from any alleged delay in medical treatment or any delay in the removal of the sutures. (R-43 and 46). Therefore, Plaintiff's argument of "delay in medical care" is without merit.

The second part of the *Estelle* test, requires a plaintiff to prove "deliberate indifference" on the part of the Defendants. The standard of "deliberate indifference" separates constitutional claims that are compensable under §1983 from tort claims. In *Farmer v. Brennan*, the Supreme Court held that deliberate indifference should be evaluated from a subjective standpoint -- what the defendant prison official actually knew.

> [A] prison official cannot be found liable under the Eighth

> Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment

*Farmer at* 837-38. The United States Court of Appeals for the Eleventh Circuit interpreted the subjective test in *Farmer*, as requiring summary judgment to be granted for the defendant prison official unless the plaintiff presents evidence, albeit circumstantial, of the official's subjective knowledge. *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting *Steele v. Shah*, 87 F.3d 1266, 1269 (11th Cir.1996)).

A review of the medical records submitted by the Defendants, along with the sworn affidavits of the Defendants, fails to reveal any deliberate indifference to the cut on Plaintiff's right hand middle finger or his need for medical treatment. Plaintiff does not deny that he received treatment for cut, but merely claims that he should have received different treatment in a more timely manner. (R-2). As previously stated, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not

give rise to a constitutional violation. *Id*. at 106. Plaintiff has failed to establish that any of the Defendants acted with deliberate indifference to a serious medical need by showing that the defendants had subjective knowledge of a risk of serious harm; that the defendants disregarded the risk; and that the defendants conduct was more than mere negligence.

As such, Plaintiff has failed to show that the actions of the Defendants constituted deliberate indifference to his medical needs. Therefore, it appears that the Defendants have met their initial burden of showing that no genuine issue of material fact remains for determination by the trier of fact. As such, the burden shifts to the Plaintiff to rebut that presumption. Having failed to provide the court with any evidence to refute the Defendants' claims, it appears that Plaintiff has failed to establish that any issues of fact remain to be determined.

## Respondeat Superior

Although Plaintiff has named Warden Jimmy Miller and Deputy Warden Elijah McCoy as Defendants in this case, Plaintiff has failed to allege that these defendants were involved directly or indirectly in any of his claims or allegations. (R-2). It appears to be the intention of the Plaintiff, therefore, to hold Defendants Miller and McCoy liable for the actions of his employees under the theory of *respondeat superior*. Defendants Miller and McCoy argue that they are entitled to summary judgment as to Plaintiff's claims against them in their individual capacity because liability cannot be based upon respondeat superior. (R-42).

It is clear that under the law of this circuit that *respondeat superior* cannot be relied upon to state a cognizable claim against this defendant under § 1983. *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986); *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985). *See also Monell v. Department of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). As articulated in *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir.1990):

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences. (Citations omitted.)

The Eleventh Circuit has further held that "[s]upervisory officials cannot be held liable for the acts of employees solely on the basis of *respondeat superior*." *Geter v. Wille,* 846 F.2d 1352, 1354 (11th Cir.1988). To succeed on a § 1983 cause of action against Defendants Miller and McCoy, therefore, Plaintiff must show that his constitutional rights were violated by these specific defendants to be entitled to relief on his claim. Plaintiff has thoroughly failed to do so.

Because the Plaintiff has failed to establish in any of his pleadings how Defendants Miller and McCoy violated any of Plaintiff's constitutional rights in their individual

capacities, Defendants Miller and McCoy are entitled to judgment as a matter of law. Therefore, it is recommended that Summary Judgment be granted in favor of Defendants Miller and McCoy.

## CONCLUSION

To preclude summary judgment once the Defendants have provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. Having submitted sworn statements, the Defendants, as the moving parties, have met their burden of proof. That is, they have demonstrated to the court the basis for each of their motions which they believe show that there is an absence of any genuine issue of material fact. In response, when the burden of proving that the Defendants were not entitled to a judgment as a matter of law shifted to the Plaintiff, he failed to respond in a timely manner. The evidence was examined by this court in a light more favorable to the Plaintiff, as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). Therefore, it is recommended that Defendants' Motion for Summary Judgment be granted as Plaintiff has failed to provide

evidence to show that any material fact upon which relief may be granted still exists.

**ACCORDINGLY**, because it appears that Defendants Miller, McCoy, Screen and Williams are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Defendants' Motion for Summary Judgment filed on their behalf be **GRANTED** as to all claims. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 12th day of December, 2007.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE

mZc